IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BIG BLUE CAPITAL PARTNERS, LLC**,

    Plaintiff,                                                  No. 3:12-cv-00292-MO

       v.                                                      OPINION AND ORDER

**RECONTRUST COMPANY, N.A.**, **et al.**,

    Defendants.

**MOSMAN, J.**,

    Plaintiff, an Ohio limited liability company, is seeking to enjoin a foreclosure corresponding to a loan originally initiated by nonparty Brett Olivas. Defendants ReconTrust Company, N. A. ("ReconTrust") and Deutsche Bank National Trust Company moved to dismiss [12] pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Defendants also filed two Requests for Judicial Notice [14] [20]. I grant defendants' motion to dismiss for the following reasons.

## BACKGROUND

    On or about August 31, 2006, Mr. Olivas borrowed $637,750.00 from nonparty Countrywide Bank, N.A. ("Countrywide") in order to purchase real property located at 3220

Southshore Blvd., in Lake Oswego, Oregon ("the loan"). (Compl. [1] ¶¶ 1, 4). Mr. Olivas subsequently conveyed his interest to nonparty Clunas Funding Group, Inc. ("Clunas") on August 29, 2008. (*Id*. at ¶ 5). On October 1, 2008, Clunas conveyed its interest to nonparty Ashley Elliott. (*Id*. at ¶ 6). Ms. Elliot conveyed his interest to plaintiff on February 10, 2012. (*Id*. at ¶ 7).

Mr. Olivas executed a promissory note and a Deed of Trust ("DOT") when he entered into the loan. The DOT was properly recorded and identified Countrywide as the "Lender," nonparty Fidelity National Title Insurance Company as the "Trustee," and nonparty Mortgage Electronic Registration Systems, Inc. ("MERS") as the "beneficiary" as nominee for Countrywide and its successors and assigns. (*Id*., Ex. 1). Mr. Olivas, having failed to make payments as required under the DOT, entered into default on the loan beginning January 1, 2010. (*See id*., Ex. 5).

On June 1, 2011, MERS recorded in the Clackamas County Record's Office an Assignment of Deed of Trust to BAC Home Loans Servicing LP ("BAC") (f/k/a Countrywide Home Loans Servicing LP), for the benefit of Deutsche Bank National Trust Company. (*Id*., Ex. 3). BAC recorded an Appointment of Successor Trustee on June 24, 2011, which appointed defendant ReconTrust as the successor trustee under the DOT. (*Id*., Ex. 4). On June 24, 2011, ReconTrust commenced non-judicial foreclosure proceedings by recording a Notice of Default and Election to Sell, which indicated that the foreclosure sale would take place on November 4, 2011. (*Id*., Ex. 5).

## DISCUSSION

Plaintiff brings two claims for relief. First, it alleges that the non-judicial foreclosure process in this case was invalid because: (1) MERS is not a valid "beneficiary" under the Oregon

Trust Deed Act ("OTDA"); and/or (2) the OTDA requires the recordation of any assignments or conveyances of both the DOT and the note; and/or (3) issues concerning securitization of the loan rendered the foreclosure process void *ab initio*; and/or (4) ReconTrust cannot execute the Notice of Default before the Appointment of Successor Trustee is recorded. (*Id*. at ¶¶ 40–72). Plaintiff's second claim for quiet title is premised on the same theories as its first claim. (*Id*. at ¶¶ 73–80).

I rejected plaintiff's first three arguments underlying its first and second claims for relief in *Beyer v. Bank of America*, 800 F. Supp. 2d 1157 (D. Or. 2011), and do so again in this case. *See also Thompson v. Bank of New York Mellon*, 3:12–cv–00066–MO, 2012 WL 1253203 (D. Or. Apr. 12, 2012); *Peirce v. Assurity Fin. Services, LLC*, 3:10–cv–01269–MO, 2011 WL 7740690 (D. Or. Dec. 15, 2011). Similarly, I reject plaintiff's fourth argument within its first claim for relief for the same reasons as stated in *Whitmore v. Recontrust Co., N.A.*, 3:12–cv–00226–MO, 2012 WL 1758619, at *2 (D. Or. May 15, 2012). Accordingly, I grant defendants' motion to dismiss and dismiss plaintiff's complaint with prejudice for failing to state claim.

## CONCLUSION

I GRANT defendants' Motion to Dismiss [12] and DENY AS MOOT their Requests for Judicial Notice [14] [20]. For the foregoing reasons, plaintiff's complaint is DISMISSED with prejudice in its entirety.

IT IS SO ORDERED.

DATED this   20th   day of June, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER